# Exhibit A

Electronically Filed
5/12/2025 5:48 PM
Steven D. Grierson
CLERK OF THE COURT

**Reagan A. Weber, Attorney at Law LLC**
Nevada Bar No. 16151
10300 W. Charleston Boulevard
Suite 13-349
Las Vegas, Nevada 89135
Telephone: (702) 768-1961
Email: reaganweber@gmail.com
*Attorney for Plaintiff*

CASE NO: A-25-918828-C
Department 27

**EIGHTH JUDICIAL DISTRICT**

**CLARK COUNTY, NEVADA**

|  |  |
|---|---|
| AARON JAMES BURLEY, an individual, | **Case No.:** |
| Plaintiffs, | **Dept. No.:** |
| vs. | **COMPLAINT** |
| OPENLOOP HEALTHCARE PARTNERS, PC, a foreign corporation; USAA FEDERAL SAVINGS BANK, a corporation licensed in Nevada, DOES I-X, and ROES I-X, | **DEMAND FOR JURY TRIAL** |
| Defendants. | **Arbitration Exemption Requested:** Damages in Excess of $50,000 and Declaratory Relief Requested |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, AARON JAMES BURLEY, an individual ("Mr. Burley", "Aaron", or "Plaintiff"), and hereby submits this complaint (the "Complaint") against Defendant OPENLOOP HEALTHCARE PARTNERS, PC ("Openloop", "Defendant"), Defendant USAA FEDERAL SAVINGS BANK, a corporation licensed in Nevada ("Defendant", "USAA"), DOES I through X, and ROES I through X, and each of them (collectively, "Defendants") (altogether, the "Parties"), as follows:

**PARTIES**

1.       Mr. Burley is, and was at all times relevant herein, a citizen and resident of the State of Nevada, county of Clark.

2.       Openloop is, and was at all times relevant herein, an Iowa Corporation which conducts substantial and systematic business in the State of Nevada.[1]

---

[1] *Please see* https://esos.nv.gov/EntitySearch/BusinessInformation, last accessed 5/12/25.

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

3. USAA Federal Savings Bank ("USAA") is, and was at all times relevant herein, a corporation licensed in the State of Nevada.[2]

4. All matters set forth herein are intended to be incorporated by reference in the various causes of action which follow, as though fully set forth therein.

5. The names and capacities, whether individuals, corporate, associate or otherwise of Defendants named herein as DOE and ROE CORPORATION are unknown or not yet confirmed. Upon information and belief, said DOE and ROE CORPORATION Defendants are responsible for damages suffered by Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE CORPORATION Defendant at such time as the same has been ascertained.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, representative or employee of each of the remaining Defendants, and was at all times herein mentioned acting within the purpose and scope of said agency, service or employment with the consent, permission, approval, or ratification of each of the co-defendants in doing the things herein alleged.

## JURISDICTION AND VENUE

7. This Complaint states a controversy over which this Court has personal and subject matter jurisdiction, and venue is proper, based upon the acts, omissions, and operative facts taking place in Clark County, Nevada.

## GENERAL ALLEGATIONS

8. Plaintiff worked for Openloop as a provider for certain telehealth medical services, beginning on or about January of 2023.

9. Attached hereto as **Exhibit 1** is the Independent Contractor agreement between Plaintiff and Openloop, wherein Plaintiff electronically signed while in the State of Nevada.

10. Plaintiff performed at least 36 hours of work for OpenLoop between the dates of January 1, 2023, to January 14, 2023. **Exhibit 2**.

---

[2] *Please see* https://esos.nv.gov/EntitySearch/BusinessInformation, last accessed 5/12/25.

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

11. An employee/agent for OpenLoop expressly admitted that Plaintiff performed at least 36 hours of work for OpenLoop between the dates of January 1, 2023, to January 14, 2023. **Exhibit 2**.

12. Openloop was late on paying Plaintiff for the hours performed between January 1, 2023, to January 14, 2023. **Exhibit 2**.

13. Plaintiff was suffering a financial hardship at the time of Openloop's late payment for hours worked. **Exhibit 2**.

14. Plaintiff even expressed to OpenLoop the financial hardship that he was suffering and that he was in dire need of payment that week. **Exhibit 2**.

15. Openloop acknowledged Plaintiff's financial hardship and that payment was late for the 36 hours of work in **Exhibit 2**, saying that his 36 hours worked would be posted to Plaintiff's bank account "ASAP', or at the latest, on January 27, 2023.

16. However, OpenLoop did not pay Mr. Burley "ASAP" or immediately thereafter.

17. Further, OpenLoop failed to pay Mr. Burley all the way until February of 2023, **even after the next pay cycle**.

18. OpenLoop did not take any steps towards paying Plaintiff, at a minimum, sooner than 10 days later that the "latest, on January 27, 2023," which was the posted pay date for the next pay cycle.

19. In other words, OpenLoop paid Plaintiff at least 10 days after the "latest" deadline of the next pay cycle, after saying OpenLoop would pay him "ASAP" due to his financial hardship.

20. If Openloop had even paid Plaintiff a week earlier than the 10 days *minimum* of being late, Plaintiff's damages described below would have been mitigated, as OpenLoop seemed to express their understanding and obligation to do by saying "ASAP".

21. Rather, Openloop displayed no sense of urgency, and did not pay Plaintiff for hours of work performed for a minimum of ten (10) days after the promised deadline of the following pay cycle.

22. Because of the late payment, Plaintiff did not have sufficient funds to make a car payment.

3

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

23. This missed car payment led USAA, one of his creditors, to wrongfully terminate his credit line of approximately $23,000, even before Plaintiff's reporting agency had reported the late payment.

24. Plaintiff was depending on that line of credit to help him during this financial hardship.

25. Plaintiff eventually was able to get the reporting credit institution, Experian, to reverse the late payment on his credit history.

26. However, USAA did not reinstitute his credit line of $23,000 even after Experian reversed the late payment on Plaintiff's credit history.

27. Instead, USAA unilaterally changed the credit line of over $23,000 into an unsecured loan, which cannot be shifted onto another line of credit or to any other financial institution.

28. As part of this unilateral change, USAA deleted years of Plaintiff's credit history.

29. Over the phone, an employee for Defendant USAA even acknowledged the breach, saying to Plaintiff over the phone, "I can't believe we did this to you."

30. As a result, Plaintiff has suffered hardship in finding replacement creditors or insurance options, who have cited in their denial letters "lack of credit history."

31. Further, the unsecured loan accrues interest at a burdensomely high rate, and USAA has not even accepted payments towards the unsecured loan which Plaintiff has made.

32. In other words, the credit line of $23,000 which Plaintiff was depending on to help him out of a financial hardship is now further driving him underwater financially.

33. Plaintiff served in the United States Air Force, earning the rank of Sergeant, and was medically retired at 80% medical disability because of his failing kidneys.

34. Plaintiff was not in need of a kidney transplant prior to these damages caused by Defendants.

35. The stress from this financial hardship caused by Openloop and USAA led to extreme emotional distress, and manifested when Plaintiff's kidneys began to decline even more.

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

36.     Stress is a well-known contributor to Chronic Kidney Disease ("CKD"), which Plaintiff suffered extreme amounts of during this period of his financial hardship and the damages caused by Defendants.

37.     Plaintiff will likely need to undergo a kidney transplant in the near future, oftentimes valued at over $500,000 in total medical care, directly and proximately caused by the additional stress from Defendants' actions.

38.     Plaintiff's medical provider informed him that his need for a kidney transplant is likely caused from the stress of Defendants' actions.

39.     Plaintiff was even referred for a kidney transplant by his medical provider.

40.     Therefore, a medical expert will opine that Plaintiff's future surgery will be a direct result of Defendants' actions, and that surgery will be needed to a reasonable degree of medical probability.

41.     Moreover, Defendant Openloop wrongfully reprimanded Plaintiff in violation of rights given to independent contractors vs. employees, and Defendant OpenLoop recognized this mistake and acknowledged that Plaintiff should be designated an employee instead of an independent contractor based on this "corrective action plan." **Exhibit 3**.

42.     Therefore, Openloop did not pay Plaintiff as they were obligated to, in breach of the agreement between Plaintiff and Defendant Openloop, causing Plaintiff's damages.

43.     Through theories of joint and several liability, either Defendant Openloop is liable for breach of the agreement, or USAA is in violation of the implied covenant of good faith of Plaintiff's credit card agreement, causing Plaintiff's damages regarding the $23,000 credit line becoming unsecured loan in addition to the damages caused to Plaintiff's kidneys.

44.     In other words, if Openloop argues that Plaintiff's damages are unforeseeable, USAA did not perform in a reasonable manner, therefore, depriving Plaintiff's just expectations of the credit card agreement.

45.     A duty exits between Plaintiff and both Defendants.

46.     Defendants violated their duties owed to Plaintiff.

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

47.    Defendants directly and proximately caused Plaintiff's damages, including Plaintiff's worsening kidney function.

48.    Directly and proximately caused by Defendants' actions, Plaintiff has been forced to retain the services of the undersigned counsel.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief-Defendant Openloop)

49.    Plaintiff repeats and realleges the paragraphs 1 through 49 as though fully stated herein.

50.    A ripe controversy exists between the Parties regarding the venue provision of **Exhibit 1**, and where the appropriate venue in this matter lies.[3]

51.    These controversies exist between parties whose interests are adverse regarding their respective rights pursuant to contract. *Id*.

52.    Plaintiff asserts a legally protectable right or interest in the damages caused by breach of this contract.

53.    These controversies are ripe for determination, as Plaintiff has suffered concrete damages described hereinabove.

54.    It has become necessary for Plaintiff to engage the services of an attorney in these proceedings as a direct and proximate result of the conduct alleged above and therefore, Plaintiff respectfully request for the award to recover reasonable attorney's fees and costs incurred herein.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract-Defendant Openloop)

55.    Plaintiff repeats and realleges the paragraphs 1 through 55 as though fully stated herein.

56.    A valid contract existed between Plaintiff and Defendant Openloop.  **Exhibit 1**.

---

[3] The venue provision of **Exhibit 1** is not listed in the survivability clause, and therefore, because this contract was first materially breached by Defendant Openloop, this contract is no longer enforceable, and the venue clause was specifically omitted from the clause designating which parts of the contract would survive if the contract is no longer enforceable.

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

57.   Defendant Openloop materially breached that contract by failing to pay Plaintiff in a timely manner. **Exhibit 2**.

58.   Defendant Openloop even acknowledged the late payment and breach of the agreement. *Id.*

59.   Defendant OpenLoop did not even pay Plaintiff on time for the next pay cycle, and paid Plaintiff no sooner than 10 days after the next pay cycle.

60.   This material breach has caused substantial damages, namely the line of credit for $23,000 to be turned into an unsecured loan at an astronomical interest rate, the deletion of years of credit history, and Plaintiff's worsening kidney function.

61.   That as a direct and proximate result of the intentional acts of Defendants, as contained herein, Plaintiff has suffered and will continue to suffer general and special damages, as well as other incidental expenses, including attorney's fees and out-of-pocket expenses. Plaintiff therefore respectfully requests general, and special damages and in an amount in excess of $15,000.00.

62.   It has become necessary for Plaintiff to engage the services of an attorney in these proceedings as a direct and proximate result of the conduct alleged above and therefore, Plaintiff respectfully requests to recover fees and costs incurred herein.

63.   Through principles of joint and several liability, either Defendant Openloop is liable for Plaintiff's damages, or Defendant USAA is liable for Plaintiff's damages, or some apportionment to be determined at trial.

### THIRD CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith and Fair Dealing/Tortious Breach- Defendant Openloop)**

64.   Plaintiff repeats and realleges paragraphs 1 through 64 as though fully stated herein.

65.   In Nevada, every contract contains an implied covenant of good faith and fair dealing.

66.   **Exhibit 1** was a valid contract prior to Defendant Openloop's material breach described above, and therefore, Defendant Openloop had a duty to deal with Plaintiff in good faith.

7

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

67. That the Plaintiff did all, or substantially all, of his obligations pursuant to the agreement.

68. The duty of good faith and fair dealing prohibits Defendant from robbing Plaintiff of his just expectations of the fruits, or spirit connected to the agreement.

69. Defendant was under a duty to pay Plaintiff in a timely manner as his employer.

70. Defendant has therefore tortiously breached the implied covenant of good faith and fair dealing by committing all the acts alleged herein, and by failing to perform acts reasonably, all of which are contrary to the intent of the above-described contract(s).

71. That as a direct and proximate result of the intentional acts of Defendant, as set forth herein, Plaintiff has suffered and will continue to suffer general and special damages, as well as other incidental expenses, including Attorney's fees and out-of-pocket expenses. Plaintiffs are therefore entitled to general, special and punitive damages in an amount in excess of $15,000.00.

72. By doing the acts complained of herein, Defendant has acted with oppression, fraud and/or malice towards Plaintiff. Defendant, by the acts alleged herein, intended to cause injury to Plaintiff and engaged in despicable conduct with a willful and conscious disregard of the rights of Plaintiff. The above-described conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Because of the despicable and egregious conduct of Defendant as herein alleged, Plaintiff is entitled to and does hereby demand punitive and/or exemplary damages in a sum to be proved at trial sufficient to punish and deter Defendant from so acting in the future.

73. It has become necessary for Plaintiff to engage the services of an attorney in these proceedings as a direct and proximate result of the conduct alleged above and therefore, Plaintiff is entitled to recover fees and costs incurred herein.

74. Through principles of joint and several liability, either Defendant Openloop is liable for Plaintiff's damages, or Defendant USAA is liable for Plaintiff's damages, or some apportionment to be determined at trial.

**Reagan A. Weber, Attorney at Law LLC**
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract-Defendant USAA)

75. Plaintiff repeats and realleges the paragraphs 1 through 75 as though fully stated herein.

76. A valid contract existed between Plaintiff and Defendant USAA regarding the line of credit. **Exhibit 4**.

77. Defendant USAA materially breached that contract by unilaterally changing the line of credit for over $23,000 into an unsecured loan at an astronomical interest rate, and deleting years of Plaintiff's credit history.

78. Over the phone, an employee for Defendant USAA even acknowledged the breach, saying to Plaintiff over the phone, "I can't believe we did this to you."

79. This material breach has directly and proximately caused substantial damages, namely the line of credit for $23,000 to be turned into an unsecured loan at an astronomical interest rate, the deletion of years of credit history, and Plaintiff's worsening kidney function.

80. That as a direct and proximate result of the intentional acts of Defendants, as contained herein, Plaintiff has suffered and will continue to suffer general and special damages, as well as other incidental expenses, including attorney's fees and out-of-pocket expenses. Plaintiff therefore respectfully requests general, and special damages and in an amount in excess of $15,000.00.

81. It has become necessary for Plaintiff to engage the services of an attorney in these proceedings as a direct and proximate result of the conduct alleged above and therefore, Plaintiff respectfully requests to recover fees and costs incurred herein.

82. Through principles of joint and several liability, either Defendant Openloop is liable for Plaintiff's damages, or Defendant USAA is liable for Plaintiff's damages, or some apportionment to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing/Tortious Breach-

**Defendant USAA)**

83.     Plaintiff repeats and realleges paragraphs 1 through 83 as though fully stated herein.

84.     In Nevada, every contract contains an implied covenant of good faith and fair dealing.

85.     **Exhibit 4** was a valid contract prior to Defendant USAA's material breach described above, and therefore, Defendant USAA had a duty to deal with Plaintiff in good faith.

86.     That the Plaintiff did all, or substantially all, of his obligations pursuant to the agreement.

87.     The duty of good faith and fair dealing prohibits Defendant from robbing Plaintiff of his just expectations of the fruits, or spirit connected to the agreement.

88.     Defendant was under a duty to honor the terms of the credit card agreement as Plaintiff's creditor who asserted substantial control over Plaintiff's credit history.

89.     Defendant has therefore tortiously breached the implied covenant of good faith and fair dealing by committing all the acts alleged herein, and by failing to perform acts reasonably, all of which are contrary to the intent of the above-described contract(s).

90.     That as a direct and proximate result of the intentional acts of Defendant, as set forth herein, Plaintiff has suffered and will continue to suffer general and special damages, as well as other incidental expenses, including Attorney's fees and out-of-pocket expenses.  Plaintiffs are therefore entitled to general, special and punitive damages in an amount in excess of $15,000.00.

91.     By doing the acts complained of herein, Defendant has acted with oppression, fraud and/or malice towards Plaintiff.  Defendant, by the acts alleged herein, intended to cause injury to Plaintiff and engaged in despicable conduct with a willful and conscious disregard of the rights of Plaintiff.   The above-described conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  Because of the despicable and egregious conduct of Defendant as herein alleged, Plaintiff is entitled to and does hereby demand punitive and/or exemplary damages in a sum to be proved at trial sufficient to punish and deter Defendant from so acting in the future.

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

10

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

92.    It has become necessary for Plaintiff to engage the services of an attorney in these proceedings as a direct and proximate result of the conduct alleged above and therefore, Plaintiff is entitled to recover fees and costs incurred herein.

93.    Through principles of joint and several liability, either Defendant Openloop is liable for Plaintiff's damages, or Defendant USAA is liable for Plaintiff's damages, or some apportionment to be determined at trial.

### SIXTH CLAIM FOR RELIEF

**(Violation of Fair Labor Standards Act, Misclassification-Defendant OpenLoop)**

94.    Plaintiff repeats and realleges paragraphs 1 through 94 as though fully stated herein.

95.    In addition to the conduct described hereinabove on behalf of OpenLoop, OpenLoop misclassified Plaintiff as an independent contractor when Plaintiff was actually an employee for OpenLoop.

96.    OpenLoop also reprimanded Plaintiff as if he were an employee, even admitting to the misclassification.  **Exhibit 3.**

97.    Specifically, OpenLoop reprimanded Plaintiff for obtaining similar work for companies other than OpenLoop.

98.    OpenLoop fully controlled the nature and degree as to the manner in which the Plaintiff's work is to be performed.

99.    Plaintiff's opportunity for profit or loss was not depending upon his managerial skill.  Rather, Plaintiff merely agreed to provide telehealth services in exchange for fixed payments from OpenLoop, without an additional layer of responsibility or ability to determine his rates or profit from the work performed.

100.    Plaintiff did not exert such a control over a meaningful part of the business that he stands as a separate economic entity.

101.    Plaintiff did not invest in equipment or materials required for his tasks, nor did he employ workers.

102.    Although telehealth services may required a special skill, Plaintiff worked for OpenLoop for over a year, and OpenLoop admitted he was an employee.  **Exhibit 3**.

11

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

103. Plaintiff's services for telehealth were a highly integral part of the alleged OpenLoop's business as a telehealth provider.

104. Therefore, Plaintiff qualifies as an employee under the Fair Labor Standards Act ("FLSA").

105. OpenLoop is a qualifying enterprise under the FLSA as an enterprise engaged in commerce or the production of goods for commerce under 29 U.S.C. Section 203(r)-(s).

106. OpenLoop failed to compensate Plaintiff for hours worked.

107. Further, Plaintiff is owed the proper tax withholding as an employee.

108. OpenLoop recklessly disregarded these facts that OpenLoop should have been aware of regarding Plaintiff's employee status and missed payments, demonstrated by OpenLoop's own admission. **Exhibits 2 and 3.**

109. That as a direct and proximate result of the intentional acts of Defendant, as set forth herein, Plaintiff has suffered and will continue to suffer general and special damages, as well as other incidental expenses, including Attorney's fees and out-of-pocket expenses. Plaintiffs are therefore entitled to general and special damages in an amount in excess of $15,000.00.

110. It has become necessary for Plaintiff to engage the services of an attorney in these proceedings as a direct and proximate result of the conduct alleged above and therefore, Plaintiff is entitled to recover fees and costs incurred herein.

111. By doing the acts complained of herein, Defendant has acted with oppression, fraud and/or malice towards Plaintiff. Defendant, by the acts alleged herein, intended to cause injury to Plaintiff and engaged in despicable conduct with a willful and conscious disregard of the rights of Plaintiff. The above-described conduct subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Because of the despicable and egregious conduct of Defendant as herein alleged, Plaintiff is entitled to and does hereby demand punitive and/or exemplary damages in a sum to be proved at trial sufficient to punish and deter Defendant from so acting in the future.

112. Under the FLSA, Plaintiff respectfully requests for the award of attorney's fees.

**SEVENTH CLAIM FOR RELIEF**

**(Negligence-Defendant OpenLoop)**

113.   Plaintiff repeats and realleges paragraphs 1 through 113 as though fully stated herein.

114.   Defendant owed a duty to Plaintiff as Plaintiff's employer.

115.   Plaintiff is a reasonably foreseeable plaintiff as an employee for Defendant.

116.   Defendant breach that duty owed to Plaintiff.

117.   That as a direct and proximate result of the intentional acts of Defendant, as set forth herein, Plaintiff has suffered and will continue to suffer general and special damages, as well as other incidental expenses, including Attorney's fees and out-of-pocket expenses.  Plaintiffs are therefore entitled to general and special damages in an amount in excess of $15,000.00.

118.   It has become necessary for Plaintiff to engage the services of an attorney in these proceedings as a direct and proximate result of the conduct alleged above and therefore, Plaintiff is entitled to recover fees and costs incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the relief against Defendants, and each of them, as follows:

1.   For compensatory damages in the amount according to proof;

2.   For punitive/exemplary damages as this court deems just and proper.

3.   For pre- and post-judgment interest;

4.   For reasonable attorney's fees and costs of suit incurred herein; and

5.   For such other and further relief as this court deems just and proper under the circumstances.

Dated this 12th day of May 2025.

By ___*/s/ Reagan A. Weber*___
Nevada Bar No. 16151
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
Telephone: (702) 768-1961

Reagan A. Weber, Attorney at Law LLC
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

13

Email: reaganweber@gmail.com
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated this 12th day of May 2025.

By     */s/ Reagan A. Weber*
Nevada Bar No. 16151
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
Telephone: (702) 768-1961
Email: reaganweber@gmail.com
*Attorney for Plaintiff*

**Reagan A. Weber, Attorney at Law LLC**
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

14

**Reagan A. Weber, Attorney at Law LLC**
10300 W. Charleston Boulevard, Suite 13-349
Las Vegas, Nevada 89135
(702) 768-1961

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **COMPLAINT** was submitted electronically for filing and/or service with the Eighth Judicial District Court on the 12th day of May 2025.  Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:[4]

/s/Reagan A. Weber
Reagan A. Weber, Esq.

---

[4] Pursuant to EDCR 8.05(a), each party who submits an E-Filed document through the E-Filing System consents to electronic service in accordance with NRCP 5(b)(2)(D).

15